## Rose v. The Urban Redevelopment Authority of Pittsburgh

*Michael A. Della Vecchia,* for plaintiff.
*Marion E. Popiel,* for defendant.

SCHEIB, *J.,* April 23, 1982—James H. Rose and his wife Lena Rose have filed a petition for the appointment of a board of viewers alleging an inverse (de facto) taking by Urban Redevelopment Authority of the City of Pittsburgh (hereinafter referred to as URA), of certain property located in the 13th Ward of the City of Pittsburgh known as 7459 Fletcher Way. The subject property is one of a number of row houses, most of which are owned by URA. The court has conducted an evidentiary hearing to determine the propriety of the proceedings.

The subject property is in the urban redevelopment area, having been so designated in 1969. In 1972, the Roses signed a waiver and certification document whereby they agreed not to object to any action by the URA to acquire said parcel of real estate. The property was appraised by the URA for the purpose of acquiring it. A number of the other row houses have been acquired by URA. The property has deteriorated greatly since 1976. Although URA owned the adjoining properties it made no effort to rent or to properly maintain them. The property of the Roses was continually vandalized, became untenantable and this loss was directly attributed to the deteriorated condition of the URA-owned properties. As a result, the Roses have lost substantial income.

Ever since Griggs v. Allegheny County, 402 Pa. 411, 168 A. 2d 123 (1961) courts of this Commonwealth have recognized that a de facto taking occurs when a condemning authority substantially deprives a landowner of the beneficial use and enjoyment of his property. See also Conroy-Prugh Glass Co. v. Com., 456 Pa. 384, 321 A. 2d 598 (1974).

A party asserting a de facto taking must establish "exceptional circumstances" and "significant facts" to prevail: West Penn Power Company v. Bouni, 36 Commw. Ct. 116, 387 A. 2d 1316 (1978); and that party has the burden of proof in so doing: Helms v. Chester Redevelopment Authority, 32 Commw. Ct. 377, 379 A. 2d 660 (1978). We believe that the Roses, by the fair preponderance of the credible evidence have established that their property has been rendered virtually valueless by the activity of the URA in permitting the row houses to deteriorate to such an extent that they, as a group, became unliveable. Since 1976 the Roses have been unable to rent the property or otherwise utilize the same.

We believe under all the facts that the loss which

the Rose's sustained was a direct and necessary consequence of the URA's action and must therefore conclude that a compensible injury has occurred.

URA argues however, that the Roses are barred from requesting damages because of a prior trespass action. We find this contention to be without merit. The trespass law suit involved alleged negligent activities of the URA which caused water to come upon the Roses' property thereby causing certain damage to that property. The issues in the two cases are entirely different and the trespass action clearly does not merge in the present condemnation proceedings. The trespass action involved negligent conduct on the part of URA whereas the condemnation proceeding involves alleged activities of URA which deprives the Roses of the use and enjoyment of their property.

An appropriate order will be entered.

## ORDER

And now, April 23, 1982, this matter having come before the court for hearing on the preliminary objections of the Urban Redevelopment Authority of the City of Pittsburgh to the petition for appointment of a board of viewers, and after hearing, it appearing to the court that said preliminary objections are without merit, said preliminary objections be and the same are hereby dismissed.